UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:10CR10-PPS |
| ) | |
| SCOTT ADKINS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Defendant Scott Adkins is serving his prison sentence on this and related case 2:09CR32-PPS at the Federal Medical Center in Rochester, Minnesota. According to the Bureau of Prisons' Inmate Locator, his projected release date is January 10, 2025. On May 1, 2020, the Clerk received Adkins' *pro se* letter requesting compassionate release from confinement due to COVID-19, pursuant to 18 U.S.C. §3582(c)(1)(A)(i). [DE 171.] After appointed counsel filed a motion for compassionate release on Adkins' behalf, the government has filed a response in opposition. No reply has been filed. As I have determined that a hearing is not necessary, the matter is now ripe for ruling.

Adkins' motion, like those of thousands of other federal prison inmates during the COVID-19 pandemic, invokes §3582(c)(1)(A)(i). As amended by the First Step Act, that provision authorizes a defendant to seek a modification of an imposed term of imprisonment upon a showing that "extraordinary and compelling reasons warrant such a reduction." Adkins made an administrative petition for release, which was denied on June 25, 2020. [DE 179 at 4.] He is reportedly appealing that decision, and

the government does not argue that Adkins has not met the administrative exhaustion requirements of §3582(c)(1)(A). [*Id.*; DE 183 at 3.]

Reductions of sentence authorized by the First Step Act have been characterized as limited adjustments to an otherwise final sentence, and found not to require a full sentencing hearing. *United States v. Smith*, 958 F.3d 494, 498 (6th Cir. 2020), citing cases including *Dillon v. United States*, 560 U.S. 817, 826 (2010) and *United States v. Hamilton*, 790 Fed.Appx. 824, 826 (7th Cir. 2020) (per curiam) ("nothing in the First Step Act requires a district court to hold any sort of hearing"). In any event, even if I had decided to have an evidentiary hearing to resolve factual disputes, Adkins would not have a right to be present (virtually or in person). Fed.R.Crim.P. 43(b)(4) expressly provides that a defendant's presence is not required at a proceeding involving "the correction or reduction of sentence under Rule 35 or 18 U.S.C. §3582(c)."

In any event, I will not set an evidentiary hearing in this case because there are no factual disputes on which my determination rests. Instead, even if I accept as true all of Adkins' factual contentions about his health and medical history, for present purposes only, I will nonetheless deny Adkins' motion, finding that he does not establish extraordinary and compelling reasons warranting relief.

What does Adkins allege in support of his motion? He reports that he has asthma, for which he uses an inhaler, as well as allergies and high cholesterol. [DE 179 at 4.] His use of a nebulizer has been discontinued recently, and he was told that action was due to COVID-19. [*Id.*] In the unit in which he is housed, Adkins reports that "[a]s

2

of June 22, 2020, two men were sick and the wing was isolated." [*Id.*] Even if all of this is true, Adkins does not assert that his asthma and other conditions are not well-controlled in what is, after all, a medical facility where he has immediate access to medical care. What's more, it's not even clear whether the two ill inmates in his housing unit are sick with COVID-19 or some other ailment.

In opposition, the government cites the data reported on the Federal Bureau of Prisons' website indicating that at Rochester Federal Medical Center there have been no inmates who have tested positive for COVID-19 and only 1 staff member, who has recovered. [DE 183 at 7; www.bop.gov/coronovirus (last visited July 16, 2020)]. Adkins' fears of possibly contracting the virus, and of possibly experiencing severe complications if he does, are simply not "extraordinary and compelling" reasons to support his release at this point in time. Adkins still has a good chunk of his sentence to serve, 4½ years. Whether or not he poses a danger to the community, another factor I ordinarily must consider, is not something I need to decide given that Adkins has not met his initial burden in this case.

I see no reason to make the analysis more complicated at this juncture. Adkins is 51 years old, not of advanced age, and reports no current exacerbations of any respiratory ailments. Given the status of Rochester FMC with no active confirmed cases of the coronavirus, I am not persuaded that Adkins' risk of contracting COVID-19, and of experiencing a severe case if he is infected, are sufficient to warrant his release under §3582(c)(1)(A)(i).

Finally, I recognize that we are sailing on uncharted waters right now with the world-wide COVID-19 pandemic. Matters change rapidly; there are new developments that occur on nearly a daily basis. Therefore, it should go without saying that this opinion, like all orders, is subject to reconsideration should there be a substantive change in the facts. But for now, based on the information presently before me, Mr. Adkins must remain incarcerated. If factual developments warrant a reconsideration, Adkins is free to exhaust administrative remedies again, and file a new motion under §3582(c)(1)(A).

ACCORDINGLY:

Defendant Scott Adkins' Motion for Compassionate Release [DE 179] is DENIED.

SO ORDERED.

ENTERED: July 21, 2020.

/s/   Philip P. Simon
UNITED STATES DISTRICT JUDGE